UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK JOSEPH STAGGS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:09-0074 |
| ) | Judge Campbell |
| LEWIS COUNTY JAIL, ET AL., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a prisoner in the Lewis County Jail in Hohenwald, Tennessee. He brings this action under 42 U.S.C. § 1983 against the Louis County Jail and Rebecca Carroll, the jail administrator. The plaintiff seeks money damages, alleging violations of his rights under the First and Eighth Amendments.

Owing to its brevity, the statement of the plaintiff's claim is quoted below in its entirety:

> From the months of Nov, Dec, Jan, Feb of 2009 . . . Rebecca Carroll held my outgoing mail to my daughters and son. She placed my mail in my property and left it there until July 2009 when I got released[1] . . . causing me to not be able to communicate when [*sic*] my children. Also we can't and don't have access to clothing – religious material – sleeping on the floor. Poor medical attention. No running water in the cell I am in! Denial of medication! etc.

(Docket Entry No. 1, ¶ 1V, p. 2)

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535

---

[1] Although the plaintiff asserts that he was released in July 2009, it appears from the record that he is back in custody.

(1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

The plaintiff names the Lewis County Jail as a defendant in the style of the case. (Docket Entry No. 1, p. 1) Jails are not "persons" within the meaning of § 1983. *See Mitchell v. Chester County Farms Prison*, 426 F.Supp. 271, 274 (D.C.Pa.1976); *Marsden v. Fed. BOP*, 856 F.Supp. 832, 836 (S.D.N.Y.1994); *Powell v. Cook County Jail*, 814 F.Supp. 757, 758 (N.D.Ill.1993); *McCoy v. Chesapeake Corr'l Ctr.*, 788 F.Supp. 890, 893-894 (E.D.Va.1992). Because the Lewis County Jail is not a person within the meaning of § 1983, the plaintiff's claim against the Lewis County Jail will be dismissed for failure to state a claim on which relief may be granted.

The plaintiff makes numerous allegations pertaining to the conditions of his confinement, in addition to his claim that defendant Carroll interfered with his personal mail. However, apart from listing these other claims, the plaintiff does not provide any factual allegations to support them.

Although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990). More than bare

2

assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). The less stringent standard for *pro se* plaintiffs does not compel the courts to conjure up unpled facts to support conclusory allegations. *Wells*, 891 F.2d at 594. Conclusory claims are subject to dismissal. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

The plaintiff's non-mail-related, conditions-of-confinement claims are conclusory. Accordingly, those claims will be dismissed for failure to state a claim on which relief may be granted.

Finally, with respect to the plaintiff's claim pertaining to his mail, prison regulations are permitted to abridge an inmate's First Amendment rights provided that such regulations are "rationally related to a legitimate penological concern." *Turner v. Safely*, 482 U.S. 78, 89 (1987); *see* also *Thornburgh v. Abbot*, 490 U.S. 401, 413 (1989). The plaintiff's claim that defendant Carroll held his outgoing mail to his family for four (4) months is not facially frivolous. Therefore, process shall issue as to this claim.

An appropriate Order will be entered.

                                                                                                          Todd Campbell
                                                                                                           United States District Judge